The Honorable Betty Strifler Citrus County Clerk of the Circuit Court 110 North Apopka Avenue, Room 101 Inverness, Florida 34450-4299
Dear Ms. Strifler:
You ask substantially the following question:
May the tourist development tax authorized by section 125.0104, Florida Statutes,[1] or the convention development tax authorized by section 212.0305, Florida Statutes,[2] be imposed on the overnight use of a space in a recreational vehicle park?
In sum:
The tourist development tax authorized by section 125.0104, Florida Statutes, and the convention development tax authorized by section 212.0305, Florida Statutes, may be imposed for the overnight use of a space in a recreational vehicle park.
Section 125.0104, Florida Statutes, the "Local Option Tourist Development Act," states:
"It is declared to be the intent of the Legislature that every person who rents, leases, or lets for consideration any living quarters or accommodations in any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium for a term of 6 months or less is exercising a privilege which is subject to taxation under this section, unless such person rents, leases, or lets for consideration any living quarters or accommodations which are exempt according to the provisions of chapter 212."[3] (e.s.)
The tourist development tax may be levied by the county commission pursuant to an ordinance containing a tourist development plan.[4]
Tourist development tax revenues may be used for, among other things, acquiring, constructing, and remodeling convention centers, sports arenas, coliseums, auditoriums, or museums; promoting and advertising tourism; funding convention bureaus, tourist bureaus, tourist information centers, and news bureaus as county agencies; or financing beach improvement, maintenance, renourishment, restoration, and erosion control.[5]
The tax is to be charged by the person receiving the consideration for the lease or rental and is to be collected from the lessee, tenant, or customer at the time the consideration is paid.[6] A county levying the tax may adopt an ordinance providing for local collection and administration of the tourist development tax.[7]
Similarly, the Convention Development Tax Act, section 212.0305, Florida Statutes, authorizes the imposition of a convention development tax on transient rentals. The tax imposed by the governing body of any county authorized to so levy applies to the amount of any payment made by any person who rents, leases, or uses for a period of 6 months or less:
"any living quarters or accommodations in a hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, tourist or trailer camp, mobile home park,recreational vehicle park, or condominium. . . . Any payment made by a person to rent, lease, or use any living quarters or accommodations which are exempt from the tax imposed under s.212.03 shall likewise be exempt from any tax imposed under this section."[8] (e.s.)
Like the tourist development tax, the convention development tax is to be charged by the person receiving the consideration for the lease or rental and shall be collected from the lessee, tenant, or customer at the time of payment of the consideration for the lease or rental.[9]
Thus, the plain language of both sections 125.0104 and 212.0305, Florida Statutes, makes the transient rental or lease of the accommodations in the enumerated facilities a taxable transaction. While both statutes refer to rentals or leases of six months of less, neither limits or otherwise restricts such rentals or leases to more than one day.
Section 125.0104, Florida Statutes, does not define accommodations in a recreational vehicle park. However, section 212.02(10), Florida Statutes, defines the terms "lease," "let," or "rental" to mean the leasing of living quarters or sleeping or housekeeping accommodations in hotels, apartment houses, roominghouses, tourist or trailer camps and real property, which are defined as:
"(f) A `trailer camp,' `mobile home park,' or `recreational vehicle park' is a place where space is offered, with or withoutservice facilities, by any persons or municipality to the publicfor the parking and accommodation of two or more automobile trailers, mobile homes, or recreational vehicles which are used for lodging, for either a direct money consideration or an indirect benefit to the lessor or owner in connection with a related business, such space being hereby defined as livingquarters, and the rental price thereof shall include all service charges paid to the lessor."[10] (e.s.)
In light of the above, the rental of an overnight space in a recreational vehicle park would constitute a rental or lease of a living space within the contemplation of sections 125.0104 or212.0305, Florida Statutes.
Accordingly, I am of the opinion that the tourist development tax authorized by section 125.0104, Florida Statutes, and the convention development tax authorized by section 212.0305, Florida Statutes, may be imposed for the overnight use of a space in a recreational vehicle park.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 125.0104, Fla. Stat. (1996 Supp.), was amended by s. 15, Ch. 97-99, Laws of Florida.
[2] Section 212.0305, Fla. Stat. (1996 Supp.), was amended by s. 18, Ch. 97-99, Laws of Florida.
[3] Section 125.0104(3)(a), Fla. Stat. (1996 Supp.).
[4] Section 125.0104(4)(c), Fla. Stat. (1996 Supp.).
[5] Section 125.0104(5)(a)1.-4., Fla. Stat. (1996 Supp.). Andsee, s. 125.0104(5)(b), Fla. Stat. (1996 Supp.), providing that in counties of less than 600,000 population, the tourist development tax revenues may also be used for the purposes specified therein.
[6] Section 125.0104(3)(f), Fla. Stat. (1996 Supp.).
[7] Section 125.0104(10)(a), Fla. Stat. (1996 Supp.).
[8] Section 212.0305(3)(a), Fla. Stat. (1996 Supp.).
[9] Section 212.0305(3)(b), Fla. Stat. (1996 Supp.).
[10] Cf., s. 513.01(10), Fla. Stat., defining the term "[r]ecreational vehicle park" as
"a place set aside and offered by a person, for either direct or indirect remuneration of the owner, lessor, or operator of such place, for the parking, accommodation, or rental of five or more vehicles or tents. . . . For the purposes of this chapter, the terms `campground,' `camping resort,' `RV resort,' `travel resort,' and `travel park,' or any variations of these terms, are synonymous with the term `recreational vehicle park.'"